2020 WL 3574643
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kyle WILLIAMS et al., Plaintiffs,
v.
The CITY OF SYRACUSE et al., Defendants.

5:19-cv-995 (GLS/ATB)
|
Signed 07/01/2020

**Attorneys and Law Firms**

FOR THE PLAINTIFFS: OF COUNSEL: FRED B. LICHTMACHER, ESQ., The Law Office of Fred Lichtmacher P.C., 116 West 23rd Street, Suite 500, New York, NY 10011.

FOR THE DEFENDANTS: OF COUNSEL: CHRISTINA F. DEJOSEPH, ESQ., DANIELLE PIRES, ESQ., SOPHIE WEST, ESQ., City of Syracuse Corporation Counsel, 233 East Washington Street, Room 300 City Hall, Syracuse, NY 13202.

## MEMORANDUM-DECISION AND ORDER

Gary L. Sharpe, U.S. District Judge

### I. Introduction

*1 Plaintiffs Kyle Williams and Rachel Chrysler commenced this action against defendants City of Syracuse, and City of Syracuse police officers Gregory DiPuccio and Officer Liadka pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Pending is defendants' motion for partial dismissal. (Dkt. No. 8.) For the reasons that follow, defendants' motion is granted.

### II. Background

**A. Facts**[1]
In September 2016, "[p]laintiffs, despite not having committed crimes[,] were arrested and subjected to excessive and unnecessary force." (Compl. ¶ 11.) Specifically, "Williams was punched and kicked on several areas of his body," even though he was not resisting arrest, and "Chrysler was tripped face first to the ground ... and was otherwise physically abused by ... defendants." (Id. ¶¶ 12-13.) After an ambulance arrived at the scene, both plaintiffs were handcuffed. (Id. ¶ 14.) Liadka further injured Williams while "out of the view of the public" by "beat[ing] him up[,] causing him to incur broken bones." (Id. ¶ 15.) And Liadka further injured Chrysler while in the ambulance by "sticking a gloved finger in an open wound she sustained when she was intentionally tripped to the ground face first." (Id. ¶ 16.)

Both plaintiffs were taken to Upstate Hospital, where they received their first round of medical treatment and were subsequently released from police custody. (Id. ¶ 18.) Williams had jaw surgery, and also sustained an "eye socket injury for which he had to receive repeated treatment," and Chrysler "required sutures for her injuries and ... was otherwise harmed." (Id. ¶ 17.)

Williams was charged with resisting arrest, and was acquitted at trial. (Id. ¶ 19.) The "officers created fictions[,] which they provided to the [d]istrict [a]ttorney's [o]ffice," and these "fictions" were "used against both [p]laintiffs in their prosecutions." (Id. ¶ 20.)

**B. Procedural History**
Plaintiffs commenced this action on August 12, 2019, asserting the following causes of action pursuant to 42 U.S.C. § 1983: (1) a Fourth Amendment excessive force claim; (2) a Fourth Amendment failure to intervene claim; (3) a *Monell* claim against the City of Syracuse; (4) a Fourth Amendment malicious prosecution claim asserted by Williams; and (5) a "violation of plaintiffs['] Fourth, Fifth, and Sixth Amendment rights and deprivation of his due process rights pursuant to the Fourteenth Amendment via denial of a fair trial." (Compl.)

Defendants seek dismissal of the *Monell*, malicious prosecution, and fair trial claims. (Dkt. No. 8.)

### III. Standard of Review

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir. 2001) (internal citations omitted). The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

#### A. *Monell* Claim
**\*2** The City of Syracuse argues that plaintiffs' counsel previously brought very similar *Monell* claims against it, all of which were dismissed, and that plaintiffs' *Monell* claim in this case suffers from the same deficiencies identified in those cases. *See Moore v. City of Syracuse*, No. 5:18-cv-379, Dkt. No. 32 (Mar. 27, 2019); *Arrindel-Martin v. City of Syracuse*, 5:18-CV-780, 2018 WL 6622193 (Dec. 18, 2018); *Tennyson v. City of Syracuse*, 5:16-cv-929, 2017 U.S. Dist. LEXIS 222355 (Nov. 15, 2017). The court, finding no significant difference in the way in which the current complaint is drafted as compared to the complaints drafted by counsel in those cases, agrees with defendants. Accordingly, for the same reasons identified in the aforementioned cases, plaintiffs' *Monell* claim is dismissed with leave to amend.

#### B. Malicious Prosecution Claim
Defendants argue that Williams' malicious prosecution claim fails because he "does not allege that [d]efendants played an active role in his prosecution or encouraged the prosecutor to act"; "does not allege that [d]efendants withheld relevant and material information from prosecutors"; and his claim "relies on conclusory *ipse dixit* allegations of evidence fabrication insufficient to withstand a motion to dismiss." (Dkt. No. 8, Attach. 7 at 17.) In response, Williams argues that he "clearly alleged that the individual defendant officers communicated with the [d]istrict [a]ttorney and provided fabricated narratives"; that Williams "was ultimately acquitted of the charges related to this incident after the criminal trial"; and that "defendants beat [plaintiffs] with no legal justification, and arrested them to cover up their unjustified use of force." (Dkt. No. 10 at 13.)

The elements of a malicious prosecution claim under Section 1983 are: "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (alterations and citation omitted). "An arresting officer may be held liable for malicious prosecution if he or she played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Barone v. United States*, No. 12 Civ. 4103, 2014 WL 4467780, at \*17 (S.D.N.Y. Sept. 10, 2014) (internal quotation marks and citation omitted). "In addition, an officer will be liable for malicious prosecution if he or she creates false information likely to influence a jury's decision and forwards that information to prosecutors, or ... withholds relevant and material information from the prosecutor." *Id.* (internal quotation marks and citation omitted).

Although Williams recites the general elements of a malicious prosecution claim, (Compl. ¶ 47), he has failed to meet the basic pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (internal alterations and quotation marks omitted)). And, to the extent Williams claims that defendant officers "created fictions," "falsehood[s]," and made "fraudulent misrepresentations" to the district attorney's office, (Compl. ¶¶ 20, 48, 50), there are no allegations concerning the form or substance of the information claimed to have been fabricated. *See Myers v. Moore*, 326 F.R.D. 50, 60 (S.D.N.Y. 2018) ("Plaintiff engages in group pleading, lumping the three defendants together without pleading facts demonstrating what each did that makes him liable for malicious prosecution. ... Accordingly, the [a]mended [c]omplaint does not sufficiently plead a malicious

prosecution claim."); *Willis v. Rochester Police Dep't*, No. 15-CV-6284, 2018 WL 4637378, at *6 (W.D.N.Y. Sept. 27, 2018) (dismissing malicious prosecution claim for failure to state a claim where the plaintiff only made "passing reference to 'false statements of facts' ... but fail[ed] to provide any further, or factual, context for that allegation"); *Longo v. Ortiz*, No. 15-CV-7716, 2016 WL 5376212, at *4 (S.D.N.Y. Sept. 26, 2016) ("Plaintiff's allegations as to false or fabricated information are entirely conclusory and generalized and do not contain the specificity required to state a claim for malicious prosecution." (citations omitted)). Accordingly, defendants' motion to dismiss Williams' malicious prosecution claim is granted, and the claim is dismissed with leave to amend.

### C. Fair Trial Claim

*3 Defendants argue that plaintiffs' fair trial claim should be dismissed because plaintiffs fail to plausibly allege that they were denied the right to a fair trial, and have not identified with any specificity the allegedly false information at issue. (Dkt. No. 8, Attach. 7 at 13-15.) In response, plaintiffs argue that they have "specifically allege[d] th[at] defendants relayed to prosecutors fabricated narratives about plaintiffs resisting arrest, to justify the excessive force to which they were subjected." (Dkt. No. 10 at 11.)

In order to maintain a fair trial claim based on fabrication of information, plaintiffs must show that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citation omitted). In order to maintain the claim against a police officer, plaintiffs "must prove by a preponderance of the evidence that the officer created false information, the officer forwarded the false information to prosecutors, and the false information was likely to influence a jury's decision." *Id.* at 280 (citation omitted).

Plaintiffs' allegations that defendant officers "created fictions" and "fabricated evidence that was likely to influence a jury's decision, forwarded that information to prosecutors, and the [p]laintiffs suffered a deprivation of liberty as a result," (Compl. ¶¶ 20, 56), are threadbare and boilerplate, and provide no factual context to support a fair trial claim. *See Longo*, 2016 WL 5376212, at *6 (dismissing a fair trial claim, noting that allegations that the "defendants fabricated evidence, gave false testimony, and made false extrajudicial statements to" the district attorney's office "fail[ed] to state with the requisite specificity the evidence that was purportedly fabricated"); *Wright v. Orleans County*, No. 14-CV-622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) ("[T]he failure to specify what constituted the allegedly falsified information is fatal to [the p]laintiff's fair trial claim."); *Waddlington v. City of New York*, No. 10 CV 5010, 2013 WL 5295247, at *9 (E.D.N.Y. Apr. 23, 2013) (dismissing fair trial claim, and noting that the "[p]laintiff at no point alleges with specificity what false information [defendant police officers] created or forwarded to the D.A.'s [o]ffice"). Accordingly, defendants' motion to dismiss plaintiffs' fair trial claim is granted, and the claim is dismissed with leave to amend.

### V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for partial dismissal (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' *Monell*, malicious prosecution, and fair trial claims are **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and it is further

**ORDERED** that plaintiffs may file an amended complaint within thirty (30) days of the date of this Order; and it is further

**ORDERED** that the City of Syracuse is terminated as a defendant; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 3574643

## Footnotes

1   The facts are drawn from plaintiffs' complaint, (Dkt. No. 1), and presented in the light most favorable to them.

---

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.